**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSEPH KIRCHNER,

Plaintiff,

v.

KEITH ELLISON, *in his official capacity as Attorney General of the State of Minnesota*,

Defendant.

Case No. 26-cv-2594 (LMP/DJF)

**ORDER GRANTING MOTION TO DISMISS**

---

Joseph Kirchner, pro se.

Matthew A. McGuire and Jamal Zayed, **Minnesota Attorney General's Office, St. Paul, MN**, for Defendant.

Plaintiff Joseph Kirchner alleges that Minnesota Attorney General Keith Ellison unlawfully and unconstitutionally responded to Kirchner's letter reporting potential criminal violations. Attorney General Ellison moves to dismiss, arguing, in part, that Kirchner lacks Article III standing and fails to demonstrate entitlement to relief under *Ex parte Young*. The Court agrees, so Attorney General Ellison's motion is granted.

## BACKGROUND

On January 27, 2026, Kirchner filed a lawsuit against Attorney General Ellison, requesting wide-ranging declarative and injunctive relief for various conduct that Kirchner alleged was illegal. *See Kirchner v. Ellison*, No. 26-cv-726 (PJS/ECW) ("*Kirchner I*"), ECF No. 1 (D. Minn. filed Jan. 27, 2026). In a nutshell, Kirchner's 120-page amended complaint alleged that Kirchner had filed a "criminal referral" with the Attorney General's

Office, documenting "computer crimes, trade secret theft, AI child safety endangerment, and copyright violations by a Minnesota utility company." *Id.*, ECF No. 26 ¶ 3 (D. Minn. filed Mar. 27, 2026). The Attorney General's Office responded in a letter to Kirchner, stating that the "Minnesota Legislature delegated the authority to prosecute criminal matters to the county attorney," but that it "did not delegate any such authority to this Office, nor did it delegate the authority to investigate criminal matters to this Office." *Id.*, ECF No. 26-1 (D. Minn. filed Mar. 27, 2026). The letter provided Kirchner with contact information for state and federal law enforcement. *Id.*

Kirchner alleged that the letter's statement that the Minnesota Legislature did not "delegate the authority to investigate criminal matters" to the Attorney General's Office is false, as "Minnesota Statutes §§ 8.01 and 8.31 grant [the Attorney General] broad discretionary and mandatory authority to investigate criminal matters." *Id.*, ECF No. 26 ¶ 3 (D. Minn. filed Mar. 27, 2026). Kirchner brought various claims against Attorney General Ellison, including (1) a First Amendment violation claim under 42 U.S.C. § 1983; (2) an Equal Protection Clause claim for "selective enforcement" of Minn. Stat. § 8.01; (3) a claim for declaratory relief relating to the scope of the Attorney General's authority under Minn. Stat. § 8.01; and (4) a declaration that the letter was ultra vires. *Id.* ¶¶ 163–90.

On March 30, 2026, then Chief United States District Judge Patrick J. Schiltz *sua sponte* dismissed Kirchner's 120-page amended complaint for violating Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*, ECF No. 29 (D. Minn.

Mar. 30, 2026). Two days later, Kirchner appealed Chief Judge Schiltz's decision to the Eighth Circuit. *Id.*, ECF No. 31 (D. Minn. filed Apr. 1, 2026). On June 25, 2026, the Eighth Circuit summarily affirmed Chief Judge Schiltz's decision. *See Kirchner v. Ellison*, No. 26-1615, Order at 1 (8th Cir. June 25, 2026).

On May 12, 2026, Kirchner filed the complaint in this case against Attorney General Ellison in his official capacity. ECF No. 1 ¶ 15. The complaint similarly complains about the letter from the Attorney General's Office and alleges that it falsely represents that the Attorney General's Office does not have authority to investigate and prosecute criminal matters. *Id.* ¶ 1. As in *Kirchner I*, the present complaint raises (1) a First Amendment violation claim under 42 U.S.C. § 1983; (2) an Equal Protection Clause claim for "selective enforcement" of Minn. Stat. § 8.01; (3) a claim for declaratory relief relating to the scope of the Attorney General's authority under Minn. Stat. § 8.01; and (4) a declaration that the letter was ultra vires. *Id.* ¶¶ 67–90. Kirchner himself recognizes in his complaint that all of these claims were brought in *Kirchner I*. *Id.* ¶ 4 ("Plaintiff previously raised the Chapter 8 claims presented here as part of a broader complaint in [*Kirchner I*]."). Kirchner seeks injunctive and declaratory relief under *Ex parte Young*, 209 U.S. 123 (1908). *Id.* ¶¶ 10, 12, 91–97.

Attorney General Ellison now moves to dismiss, arguing, in part, that Kirchner lacks Article III standing and fails to demonstrate entitlement to relief under *Ex parte Young*. *See* ECF No. 11 at 7–11.[1]

## ANALYSIS

At this procedural juncture, the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). But the complaint still must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Kirchner is proceeding pro se, the Court is mindful to liberally construe his pleadings. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

Kirchner's complaint is riddled with pleading problems, but a few suffice to dismiss it. First, Kirchner largely lacks Article III standing to press his claims. Kirchner is

[1] After Kirchner filed his opposition brief and Attorney General Ellison filed his reply brief, Kirchner moved for leave to file a sur-reply. ECF No. 18. Sur-replies "are viewed with disfavor." *Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1123 (8th Cir. 2023). That is for good reason, as sur-replies are often a "strategic effort by the nonmoving party to have the last word on a matter." *Preble v. Itasca Cnty. Bd. of Comm'rs*, No. 25-cv-3006 (LMP/LIB), 2025 WL 3458052, at *10 n.7 (D. Minn. Dec. 2, 2025) (citation omitted). Upon review of Kirchner's motion, the Court concludes that a sur-reply is unnecessary or immaterial to properly resolve Attorney General Ellison's motion. Kirchner's motion for leave to file a sur-reply is therefore denied.

dissatisfied that Attorney General Ellison has refused to investigate and criminally prosecute entities that he believes engaged in criminal conduct. *See, e.g.*, ECF No. 1 ¶ 96. But even if Kirchner is correct that the Minnesota Attorney General's Office possesses the authority to conduct the investigations and prosecutions he seeks, Kirchner "lacks standing to contest the policies of [a] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution" because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Kirchner clearly believes that Attorney General Ellison has incorrectly interpreted Minnesota law in rejecting Kirchner's criminal referral. *See* ECF No. 1 ¶ 21 (alleging that Attorney General Ellison's assertion that he lacks authority to investigate and prosecute Kirchner's claims is "false"). But Kirchner's purported injury that flows from that purported erroneous interpretation—Attorney General Ellison's refusal to prosecute the alleged wrongdoers—is no constitutional injury at all. *See Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (explaining that "those who would urge the prosecution of others, even when the failure to prosecute was allegedly discriminatory," lack standing to bring such claims).

Further, to the extent that Kirchner alleges a concrete, particularized injury, he fails to satisfy at least two requirements to bring suit under *Ex parte Young*. "Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). The Supreme Court's decision in *Ex parte Young* provides a "narrow exception" to a state's sovereign immunity by "allow[ing] certain private parties to seek judicial orders in federal

court preventing state executive officials from enforcing state laws that are contrary to federal law." *Id.* A claim under *Ex parte Young* must allege "an ongoing violation of federal law" and seek "relief properly characterized as prospective." *Minn. RFL Republican Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 990 (8th Cir. 2022) (citation omitted) (emphasis omitted). Moreover, *Ex parte Young* only applies against officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected [by] an unconstitutional act, violating the Federal Constitution." *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (quoting *Ex parte Young*, 209 U.S. at 156).

First off, Kirchner does not allege an ongoing violation of *federal* law. Rather, he alleges an ongoing violation of *state* law; namely, Attorney General Ellison's purported failure to comply with the investigatory provisions of Minnesota Statutes sections 8.01 and 8.31. *See* ECF No. 1 ¶¶ 33–47 (alleging that Attorney General Ellison has misinterpreted state law). *Ex parte Young* is "inapplicable in a suit against state officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). To the extent that Kirchner argues that he has alleged ongoing violations of his First and Fourteenth Amendment rights, ECF No. 15 at 27, the Court disagrees, as any federal constitutional injury was complete at the time Kirchner received the letter from the Attorney General's Office, *see* ECF No. 1 ¶ 71 (alleging that a "false statement" in the letter "caused injury to [Kirchner's First Amendment] rights"), *id.* ¶ 77 (alleging that Attorney General Ellison treated Kirchner differently based on his "political relationship" to the Attorney General when he denied Kirchner's criminal referral). The *Ex parte Young*

doctrine does not apply in cases like this one where "federal law has been violated at one time or over a period of time in the past." *Smith v. Reynolds*, 139 F.4th 631, 635 (8th Cir. 2025) (quoting *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986)).

Second, Kirchner does not allege that Attorney General Ellison has "threaten[ed] and [is] about to commence proceedings, either of a civil or criminal nature, to enforce against [Kirchner] affected [by] an unconstitutional act, violating the Federal Constitution." *281 Care Comm.*, 766 F.3d at 797 (quoting *Ex parte Young*, 209 U.S. at 156). In fact, the opposite is true: Kirchner's grievance is that Attorney General Ellison has *refused* to commence criminal proceedings. *See, e.g.*, ECF No. 1 ¶¶ 19–21. And whatever proceedings Kirchner wants commenced, they would not be commenced against Kirchner himself. Kirchner protests that this rule only applies in the pre-enforcement context, ECF No. 15 at 24, but that is because *Ex parte Young* itself is "nothing more than the *pre-emptive* assertion in equity of a defense that would otherwise have been available in the State's enforcement proceedings at law." *Minn. Auto Dealers Ass'n v. Minn. ex rel. Minn. Pollution Control Agency*, 520 F. Supp. 3d 1126, 1134 (D. Minn. 2021) (citation omitted) (emphasis added). Having opted to bring his suit under *Ex parte Young*, Kirchner must show that an enforcement action of a civil or criminal nature is "imminent" against him. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992). Kirchner does not do so.

Accordingly, the Court will grant Attorney General Ellison's motion and dismiss the instant complaint. In closing, the Court repeats Chief Judge Schiltz's admonishment: Kirchner "is warned that, should he file additional frivolous complaints or other papers, he

may be subject to sanctions, including a filing restriction." *Kirchner I*, ECF No. 29 at 3 (D. Minn. Mar. 30, 2026). Although Chief Judge Schiltz dismissed Kirchner's first lawsuit on Rule 8 grounds, he also observed the numerous substantive flaws in Kirchner's complaint, *id.* at 2, which the Court has also identified in this Order. Should Kirchner decide to continue filing new actions regarding what he terms the "Chapter 8 claims," this Court will likely impose sanctions, which could include monetary sanctions and a restriction on Kirchner filing new actions in this District.[2]

## CONCLUSION

For these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Joseph Kirchner's Motion for Leave To File a Sur-Reply (ECF No. 18) is **DENIED**;

2. Attorney General Keith Ellison's Motion To Dismiss (ECF No. 9) is **GRANTED**; and

3. The complaint (ECF No. 1) is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 20, 2026

s/Laura M. Provinzino
Laura M. Provinzino
United States District Judge

---

[2] Kirchner alternatively seeks leave to amend his complaint in the event that the Court dismisses his complaint. ECF No. 15 at 32–33. Because Kirchner already had a chance to press his claims in *Kirchner I*, and because Kirchner has not explained how he would fix his deficient complaint now for a third time, his request is denied. *See Mell v. Minn. State Agric. Soc'y*, 557 F. Supp. 3d 902, 924 (D. Minn. 2021) (citations omitted) (explaining that a court need not grant leave to amend a complaint when a plaintiff does not show "how the complaint could be amended to save [a] meritless claim" or when a plaintiff demonstrates "persistent pleading failures despite one or more opportunities to amend").